IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE (A.M.G.),

      **Plaintiff,**

             **Case No. 2:23-cv-4195**

    vs.

             **Judge Algenon L. Marbley**

             **Magistrate Judge Elizabeth P. Deavers**

**RED ROOF INNS, INC.,** *et al.*,

      **Defendants.**

## PROTECTIVE ORDER

Pursuant to Rules 26(c) and 5.2 of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, and their inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

  **I.**    **DEFINITIONS**

      A.    "Action" means Jane Doe A.M.G. v. Red Roof Inns, Inc., et al., presently pending in the Southern District of Ohio, Eastern Division.

      B.    "Party" means any party named in this Action.

      C.    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

      D.    "Plaintiff's "True Identity" means the Plaintiff's personally identifiable information, including: (i) names and aliases used by Plaintiff at any time; (ii) Plaintiff's date of birth; (iii) Plaintiff's social security number; (iv) Plaintiff's current and prior residential addresses; (v) Plaintiff's phone numbers and social media or online user account names; (vi) Plaintiff's likeness; and (vii) the names of Plaintiff's biological or adoptive parents, and biological siblings.

      E.    "Confidential" information means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) potentially sensitive personal identifying or financial information, including but not limited

to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information; (ii) any trade secret, confidential research, development, commercial, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.; and (iii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable.

F. "Highly Confidential" information means Discovery Material (regardless of how it is generated, stored or maintained) that includes information that a Party reasonably believes in good faith not to be in the public domain and which constitutes, reflects, discusses, or contains any trade secret or proprietary information that the Party has maintained as non-public or confidential.

G. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY."

H. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

I. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

J. "In-House Counsel" means Attorneys who are employees of a Party.

K. "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

L. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

M. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

N. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY" as provided for in this Order.

2

O. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

P.  "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

Q. "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

## II. SCOPE AND DURATION

A. The protections conferred by this Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

B. This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

C. This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

D. To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E. Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material.

F. All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Documents and will continue to be bound by this Protective Order with respect to all such retained information. Further, the party

3

or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.

G.    Attorney work product may be used in subsequent litigation, provided that such use does not disclose Protected Documents, or any information contained therein. Further, this Protective Order does not prohibit counsel from using in future proceedings affidavits or transcripts of testimony at depositions, hearings, or trials solely to assist in the recollection of testimony or for the impeachment of a witness, provided that any Confidential Information contained in such affidavit or transcript is redacted or otherwise not disclosed to persons who are not authorized by this Protective Order to receive it.

## III.   USE AND DISCLOSURE

A.    All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

B.    Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

    i.    The Parties listed in Paragraph I.B including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses.

    ii.    Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

    iii.    Employees of a Designating Party's franchised or branded property, provided that any such employee or former employee executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

    iv.    Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

    v.    Counsel for the Parties, retained specifically for this action and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

    vi.    Adjusters and claims professionals of an insurer or indemnitor of a Party and counsel for such insurer or indemnitor of a Party in connection with claims asserted in the case;

    vii.    The Court and Court personnel;

viii. Court reporters, recorders, and videographers engaged for depositions;

ix. Any mediator appointed by the Court or jointly selected by the Parties;

x. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who executes the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

xi. A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

xii. Any custodian of records having custody of the document marked "CONFIDENTIAL";

xiii. Professional Vendors who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xiv. Government agencies and agency personnel, but only to the extent that the disclosure of Confidential information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xv. In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential information if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential information following the deposition; and

xvi. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

C. Access to a Designating Party's information marked "HIGHLY CONFIDENTIAL" shall be limited to, and only to, the following persons:

i. Employees, officers, and representatives of the Designating Party;

ii. Employees of a Designating Party's franchised or branded property, provided that any such employee or former employee executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iii. Plaintiff

iv.   Counsel for the Parties, retained specifically for this action and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

v.   The Court and Court personnel and members of the jury;

vi.   Court reporters, recorders, and videographers engaged for depositions;

vii.   Any mediator appointed by the Court or jointly selected by the Parties;

viii.   Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who executes the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

ix.   A person identified in the document marked "HIGHLY CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "HIGHLY CONFIDENTIAL";

x.   Any custodian of records having custody of the document marked "HIGHLY CONFIDENTIAL";

xi.   Professional Vendors who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii.   Adjusters and claims professionals of an insurer or indemnitor of a Party and counsel for such insurer or indemnitor of a Party in connection with claims asserted in the case;

xiii.   Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

D.   Access to "PLAINTIFF'S "TRUE IDENTITY" information shall be limited to, and only to, the following:

i.   The Parties listed in Paragraph I.B including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses;

ii.   Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any Party's discovery obligations or requirements. To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that

6

a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

iii. Former employees, officers, contractors and representatives of the Parties, who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iv. Current and former contractors of the Parties and their Counsel, who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

v. Any potential, anticipated or actual witness and their counsel who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

vi. Counsel for the Parties, retained specifically for this action and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

vii. Adjusters and claims professionals of an insurer or indemnitor of a Party and counsel for such insurer or indemnitor of a Party as needed to litigate any claims or defenses and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

viii. The Court, Court personnel and members of the jury;

ix. Court reporters, recorders, and videographers engaged for depositions;

x. Any custodian of records;

xi. Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

xiii. Professional Vendors but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses and who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

7

xiv. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements; To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

xv. The Plaintiff's trafficker and/or the trafficker's known associates, but only after providing 7-day notice to the Plaintiff of the intention to contact the trafficker to permit Plaintiff to seek further protection from the Court should it be necessary. The Plaintiff's True Identity will be revealed to the trafficker and/or known associates only to the extent necessary to assist in their recollection of Plaintiff and her trafficking history. Plaintiff's and Plaintiff's family's physical location will never be disclosed to Plaintiff's trafficker and/or the trafficker's associates; and

xvi. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

E. Plaintiff represents that, consistent with her privacy concerns, it is her intent not to disclose her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending. The identity and image protections provided to Plaintiff in this Protective Order will become inapplicable if Plaintiff does disclose her identity or image in relation to the underlying allegations on social media or with any media outlet while the case is pending.

F. Prior to any disclosure of Plaintiff's "True Identity" or any Discovery Material marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY" to any person required by this Order to execute the Acknowledgement & Agreement to Be Bound attached as Exhibit A, such person shall be provided a copy of this Protective Order and shall sign the Acknowledgement & Agreement to Be Bound, in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement & Agreement to Be Bound.

G. In the event Counsel for a Party wishes that Protected Material be disclosed to anyone beyond that which is allowed in this Order, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for resolution. If an agreement is reached, or the Court decides that the document(s) or information shall be disclosed, the person to whom disclosure is to be made shall execute an Acknowledgement.

8

## IV.    DESIGNATING PROTECTED MATERIAL

A.    When producing Protected Material, the Producing Party shall mark every page of any such document prior to production as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – PLAINTIFF'S TRUE IDENTY" as appropriate. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation.

B.    All Protected Material produced in native format, which cannot be designated as set forth in Paragraph IV(A) above, shall be given a file name consisting of a unique Bates number and, as applicable, the appropriate confidentiality designation: for example, "ABC00000002_CONFIDENTIAL" or if not otherwise reduced to documentary, tangible, or physical form, or which cannot be conveniently designated pursuant to the preceding Paragraph IV(A), shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order.

C.    In the event that a Producing Party fails to stamp or otherwise designate a document or other information as confidential at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the confidential designation. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

D.    If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or non-party considers to be Protected Material, Counsel for the Party or Non- Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

E.    For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will or will not be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY. If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY , then said deposition or hearing testimony shall be treated as requested until 30 days after the transcript is delivered by the court reporter to each Party's Outside Counsel. Otherwise, deposition or hearing testimony taken in this case shall be provisionally treated as CONFIDENTIAL until thirty (30) days after the

9

transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 30-day period following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY. After the 30-day period, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order. The Parties may agree to a reasonable extension of the 30-day period for designation. To the extent that deposition or hearing testimony is sought concerning Protected Material during any deposition, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential, Highly Confidential or Plaintiff's True Identify information may not be disclosed to such person under the terms of this Protective Order. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

## V.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.  A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – PLAINTIFF'S TRUE IDENTITY" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

B.  Any challenge to a designation of the Designating Party's Discovery Material under this Order shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    i.  The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

    ii.  The entry of this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

    iii.  Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. In the event that a Designating

10

Party withdraws a confidentiality designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate confidentiality designation, if any, as applicable.

## VI. REDACTIONS

A. The Producing Party may redact from any TIFF image, metadata field, or native file material that is protected from disclosure by applicable privilege or immunity. materials, and other information that it is not permitted by laws and regulations to be disclosed in litigation even with Court-imposed confidentiality restrictions. Parties may also redact potentially sensitive personal identifying information of Non-Parties. Should the need arise, the Parties will meet and confer on the appropriateness of a given redaction. The Producing Party shall identify redactions clearly on the face of any TIFF image, either with "Redacted" or the redaction reason on the face of the Document if space allows (e.g., Privilege, Privacy, etc.).

B. During the pre-trial proceedings in this litigation and in any public filing, the Parties will either redact Plaintiff's True Identity or use the pseudonym "A.M.G." in place of Plaintiff's Identity.

C. Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a Party's ability to challenge such redactions. The burden as to the propriety of any redaction remains on the redacting Party at all times.

## VII. PARTY'S OWN INFORMATION

A. The restrictions on the use of Confidential information and Highly Confidential information established by this Protective Order and are applicable only to the use of Confidential information or Highly Confidential information received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own Confidential information or Highly Confidential information, provided that any dissemination of Confidential information or Highly Confidential information by the Party may result in that information no longer qualifying for treatment as Confidential information or Highly Confidential information under this Protective Order.

## VIII. PLAINTIFF'S IDENTITY

A. Within three days of the entry of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, maiden name, alias names used at any time, and date of birth and current addresses.

B. Nothing in this Order shall prevent any party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) or her/their associates, such as, but not limited to, any medical,

11

educational, financial, employment, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## IX.    SUBPOENAS OR COURT RECORDS

If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof, including a copy of the subpoena (or other compulsory process), to the Designating Party and its Counsel no later than seven days of receipt or knowledge of the subpoena or other compulsory process to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process. The receiving Party shall not produce any Protected Material prior to providing notice as set forth herein and shall not provide any Protective Material prior to the date specified in the subpoena (or other compulsory process).

The requirements set forth in this section shall not apply to legally-mandated franchising disclosures, provided that such disclosures may only disclose Protected Material to the extent it is required to comply with legal mandates.

## X.    FILING PROTECTED MATERIAL AND MATERIAL CONTAINING PLAINTIFF'S IDENTITY

A.    Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

B.    Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material or containing Plaintiff's Identity under this Order.

## XI.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

A.    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

B.  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Confidential Information.

## XII.  PRODUCTION OF SUBSEQUENTLY CLAIMED PRIVILEGED INFORMATION

A.  The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of Confidential Information shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B.  Upon discovery that a document has been produced that the Producing Party believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

C.  The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Protective Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return, delete, or destroy all copies of the Disclosed Protected Information; and (ii) provide a certification from Outside Counsel of Record that all of the Disclosed Protected Information has been returned or destroyed.

D.  Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

## XIII.  MISCELLANEOUS

A.  <u>Modification</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to or complying with this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification sua sponte by Court order.

B.  <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C.  <u>Successors</u>. This Order shall be binding upon the Parties, their Outside Counsel, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D.  <u>Right to Assert Other Objections</u>. Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

E.  <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

F.  <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules or the Court's own orders.

**IT IS SO ORDERED.**

/s/ *Elizabeth A. Preston Deavers*

**DATED:  October 23, 2024**          **ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JANE DOE (A.M.G.),

       **Plaintiff,**

     **vs.**

RED ROOF INNS, INC., *et al.*,

      **Defendants.**

          **Case No. 2:23-cv-4195**
          **Judge Algenon L. Marbley**
          **Magistrate Judge Elizabeth P. Deavers**

**EXHIBIT "A" TO PROTECTIVE ORDER**
**ACKNOWLEDGMENT & AGREEMENT TO BE BOUND**

I, _____ , declare that:

1. My address is _____

    _____ , and the name and address of my present employer is

    _____ .

2. My title is _____ .

3. I have received a copy of the Protective Order in the above-captioned lawsuit.

4. I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Protected Material, including Plaintiff's True Identity received under the protection of the Protective Order in violation thereof.

5. I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Southern District of Ohio, Eastern Division, in connection with this Acknowledgment & Agreement to be Bound, and my obligations under the Protective Order.

6. I declare under penalty of perjury that the facts stated above are true and correct.

Executed this _____ day of _____ 2024 in the State of _____ .

          By: _____
               (SIGNATURE)